# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL PENSION FUND, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 13-2405-JAR<br>) |
| WETZEL TANK CONSTRUCTION COMPANY, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Consolidate Cases (Doc. 5) with Case No. 13-2375-JTM. The motion is fully briefed and the Court is prepared to rule. Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing of trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

The decision whether to consolidate is left to the sound discretion of the trial court.[1] "In exercising its discretion, the court should consider whether judicial efficiency is best served by consolidation."[2] "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[3] Courts also consider (1) whether the relief sought varies substantially between the two actions;

---

[1] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

[2] *McCoy v. Whirlpool Corp.*, No. 02-2064-KHV, 2003 WL 124531, at *2 (D. Kan. Jan. 12, 2003).

[3] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2383, at 35–36 (3d ed. 2008)).

(2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate.[4] The party requesting consolidation bears the burden of showing that the balance weighs in favor of consolidation.[5]

The Court agrees with Judge Marten's assessment of the companion motion in Case No. 13-2375, which was denied on November 22, 2013. The similarities in these two actions are superficial and do not justify consolidation, and they are distinct in the identity of the plaintiffs, the cause of action, and the theory of liability. It also appears to the Court that the relief varies substantially between the two actions, as one case may be subject to summary disposition. For all of these reasons, the Court declines to consolidate these two actions.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Consolidate Cases (Doc. 5) is **denied.**

**IT IS SO ORDERED**.

Dated: November 25, 2013

                                           S/ Julie A. Robinson

                                           JULIE A. ROBINSON

                                           UNITED STATES DISTRICT JUDGE

---

[4]*Shump*, 574 F.3d at 1344; *Lane v. United States*, Nos. 90-4228-S, 90-4229-S, 1991 WL 105204, at *1 (D. Kan. May 28, 1991).

[5]*Blagg v. Line*, Nos. 09-CV-0703-CVE-FHM, 09-CV-0708-TCK-PJC, 10-CV-0502-GKF-PJC, 2010 WL 3893981, at *1 (N.D. Okla. Sept. 23, 2010) (citing *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987)).